```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF ALABAMA
                             MIDDLE DIVISION
```

PHILLIP L. CAMPBELL, etc.,           }
                                     }
        Plaintiff,                   }
                                     }     CIVIL ACTION NO.
v.                                   }     04-AR-0548-M
                                     }
MONSANTO COMPANY, et al.,            }
                                     }
        Defendants.                  }

FILED 04 APR 30 AM 10:14 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED APR 3 0 2004

## MEMORANDUM OPINION

Plaintiff, Phillip L. Campbell, individually and in his capacity as administrator and personal representative of the Estate of Margaret Talley Campbell, deceased ("Campbell"), has filed a motion to remand his above-entitled case to the Circuit Court of DeKalb County, Alabama, from which it was removed by defendant, Pharmacia Corporation, f/k/a Monsanto Company ("Monsanto"). Whether necessary or not, all state court defendants except Solutia, Inc. ("Solutia"), have joined in the removal. Solutia's recent Chapter 11 bankruptcy petition filed in the Southern District of New York explains its failure to join in the removal and forms the jurisdictional basis for Monsanto's claimed right to remove. Monsanto invokes 28 U.S.C. §§ 1334 and 1452, asserting that because Solutia indemnified it from all liability that it may have to Campbell, Campbell's action is "related to" the Solutia bankruptcy and is thus removable.

The court finds two reasons for granting Campbell's motion to remand. They will be discussed not necessarily in the order of



their relative merit or of their importance.

First, during oral argument on his motion to remand, Campbell moved to dismiss his action only as against Solutia. Not only is Campbell's action against Solutia automatically stayed, but his prospects for collecting anything from it are slim. There is therefore no reason to deny Campbell's motion. Monsanto's counsel, who were also counsel for Solutia until Solutia invoked Chapter 11, could not and did not object to Campbell's oral motion to dismiss, but did argue that Monsanto's removal will not be affected by the dismissal of Solutia because the indemnity agreement by which Solutia allegedly holds Monsanto harmless makes the Solutia estate an interested party to this case. The court finds this argument interesting but unavailing. Monsanto never filed a cross-claim against Solutia in the state court. For aught appearing, the indemnity agreement was never made a matter of record in the state court where counsel for Monsanto also represented Solutia. They appeared as a team and not as adversaries. The indemnity agreement, which may present an issue between Monsanto and Solutia for resolution by the bankruptcy court if Campbell prevails against Monsanto, is a new and separate matter presented for the first time **in this case** in the unverified notice of removal. This court certainly does not want to conduct a trial of the validity of the indemnity agreement as the threshold issue upon which this court's jurisdiction would depend. If there is no binding indemnity

agreement Monsanto's jurisdictional argument evaporates.  It could be a thorny and time consuming issue.  The mere fact that Monsanto may have a claim against Solutia does not create a connection between this suit and the Solutia estate of sufficient magnitude to trigger the "related to" jurisdiction provided by § 1334.  If Monsanto's "related to" argument were accepted here, a garden variety tort action in which an insurance company, not there a defendant, has issued a policy of liability insurance to the alleged tortfeasor-defendant, and in which the insurance company may or may not owe its purported insured a defense and ultimate indemnity, and in which the insurance company has filed a separate declaratory judgment action in an attempt to escape coverage, and in which it files for bankruptcy shortly before a scheduled state court trial, the alleged tortfeasor could remove the action to a federal court under § 1334.  No authority has been cited for such a bizarre proposition, and this court is unwilling to stretch the "related to" idea beyond all reason to open such a door.

    Although Campbell's motion to remand does not depend upon his motion to dismiss Solutia as a defendant, the dismissal of Solutia will eliminate whatever colorable basis there may have been for Monsanto's innovative bankruptcy removal, that is, to the extent it may have been tied to Solutia's status as a defendant.

    There is yet another reason for remanding this case.  It does not depend upon a finding of lack of jurisdiction.  The removal

statute upon which this removal hangs is 28 U.S.C. § 1452, which in sub-section (b) authorizes a case removed under 28 U.S.C. § 1334 to be remanded "on any equitable ground". Monsanto argues that 28 U.S.C. § 157(b)(5) trumps the mandatory abstention provision of 28 U.S.C. § 1334(c)(2) with respect to personal injury and wrongful death cases. This argument becomes academic because this court rejects Campbell's contention that abstention is mandatory in this case. However, it would be hard to dream up a case better than this one, which has been pending in a state court for over two years, to call for remand as a matter of **equity**. Even if this removed state court case "relates to" Solutia's bankruptcy estate, something this court does not believe, if this court wants to give the words "on any equitable ground" any meaning, it must exercise its equitable power in a way that defers to the continued state court handling of this long pending dispute. The leading treatise on federal jurisdiction describes "equitable grounds" to include, *inter alia*: "whether remand would prevent duplication or uneconomical use of judicial resources; the effect of the remand on the administration of the bankruptcy estate; whether the case involves questions of state law better addressed by a state court; comity; judicial economy; prejudice to involuntarily removed parties; the effect of bifurcating the action, including whether remand will increase or decrease the possibility of inconsistent results; the predominance of state law issues and non-debtor

4

parties; and the expertise of the court in which the action originated." 16 *James Wm. Moore, et al.*, Moore's Federal Practice § 107.15(8)(f). Furthermore, if 28 U.S.C. § 157(b)(5) controls this procedural and fact situation, as Monsanto claims, the Southern District of New York would be the court to decide whether it or this court will preside over the jury trial of a tort claim that arose in Alabama and is controlled by Alabama law. This may explain why remand as a matter of equity is a statutorily recognized means of ameliorating the pervasiveness of bankruptcy jurisdiction.

## Conclusion

A separate order of remand will be entered.

DONE this __30__ day of April, 2004.

                                             _____
                                             WILLIAM M. ACKER, JR.
                                             UNITED STATES DISTRICT JUDGE